FRANCES HOLLIDAY, plaintiff in error, vs. JEREMIAH RIODAN, defendant in error.

To entitle a party to the process authorized by the act of 1830, to authorize the issuing of writs of *ne exeat* &c., the affidavit of the party applying, required by the statute, must be positive.

Equity, from Worth county. Decision on demurrer by Judge LAMAR, April Term 1858.

Jeremiah D. Riodan filed his bill against Frances Holliday in which he alleged that he was the guardian of his daughter Frances, legitimate child of his marriage with Jarra Lane, a widow, daughter of John Smith, deceased. John Smith died leaving children by his first wife, to-wit: Frances Holliday, Elizabeth Russell and Jarra Lane, and also leaving a will which was proven and admitted to record.

The bill further sets forth certain equitable claims of Riodan, as guardian, in right of his daughter Frances, to the property left by the will of Smith; that the balance of the property, (stating the amount) in the possession of defendant, is now in Worth county; that he apprehends said property will be removed beyond the limits of the State, and his rights as guardian, and the rights of his ward, will be impaired unless a remedy be given him against their removal, and prays for a writ of *quia timet* against Frances Holliday.

Which bill was demurred to for want of equity and jurisdiction; and because the bill does not allege the negroes were in Worth county, at the time of the filing of the bill, or are now, and that the oath verifying, the bill was not sufficient, because complainant failed to give bond, &c.

Complainant swore to the facts in the *bill, to the best of his knowledge and belief.* And after the decision of the Court sustaining said demurrer, complainant moved to amend his bill by alleging the residence of defendant *to be in the county of* Worth, and that the negroes were there at the time of filing said bill, which the Court permitted and defendant's counsel excepted and assigned error.

STROZIER & SMITH, for plaintiff in error.

CLARKE & LIPPETT, for defendant in error.

*By the Court.*—McDONALD, J. delivering the opinion.

The Judgment of the Court below must be reversed, on the ground that the affidavit is not sufficient in law, to entitle the complainant to the strong remedy he prays for. The bill alleges that the complainant entertains serious apprehensions that the property will be removed beyond the limits of the State, and that his rights as guardian and the rights of his ward, will be impaired unless a remedy be afforded for the preservation thereof. He deposes that the facts contained in the bill are true *to the best of his knowledge and belief.*

The affidavit required by the statute, *Cobb* 527, is positive. An affidavit to the best of the knowledge and belief of the complainant is not the affidavit required by the act. Of some of the facts necessary to be positively sworn to, he may have no knowledge, and may have no reasons for believing them true.

The bill was amended in the Court below so as to remedy objections respecting the jurisdiction of the Court and the *locus* of the property.

The facts alleged in the bill are sufficient to entitle the complainant to the remedy he asks, if the affidavit were sufficient; but that being insufficient, we reverse the judgment of the Court below, with instructions, however, to allow the complainant, if he desires it, to make an affidavit in conformity with the statute, and thereupon to grant to complainant the relief to which he may be entitled under the act.

Judgment reversed.